IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL REEVES, # B-82558, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-cv-1171-JPG ) |
| RICK HARRINGTON, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* action seeking injunctive relief. To initiate this suit, he filed a "Petition for Temporary Restraining Order ("TRO")" (Doc. 1). Based on the allegations in this petition, the Court construes this action as having been brought pursuant to 42 U.S.C. § 1983, claiming the deprivation of Plaintiff's constitutional rights by persons acting under color of state law.

Plaintiff is serving multiple sentences for six felonies, which together are projected to keep him incarcerated until approximately 2052.[1] Given Plaintiff's current age of 59, he will likely spend the rest of his life in prison. In his petition, he alleges that in February 2013, his medical permit expired and Doctor Shearing[2] refused to renew it (Doc. 1, pp. 1, 5, 6). The expired medical permit authorized Plaintiff to receive meals in his cell, and included several other accommodations for his medical condition (Doc. 1, p. 5). Plaintiff suffers from

---

[1] Plaintiff's sentence and personal information was gleaned from the website of the Illinois Department of Corrections, Inmate Search page, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited Nov. 15, 2013).

[2] Plaintiff did not list Doctor Shearing as a party to this action. However, due to the nature of Plaintiff's allegations, the Clerk of Court shall be directed to add Doctor Shearing as a Defendant herein.

degenerative arthritis, which causes him so much pain that he cannot walk to the prison dining room to eat his meals. In the absence of the feed-in-cell medical permit, Plaintiff has not been able to eat regularly. Since February 2013, Plaintiff has lost 65 pounds, going from a weight of 254 pounds to only 180 (Doc. 1, p. 1). According to Plaintiff's inmate profile, he is six feet, six inches tall.

Plaintiff has requested the renewal of his medical permit and has filed a grievance over the lack of action on his request (Doc. 1, pp. 6, 8). Further, he filed a suit in the Illinois Court of Claims in March 2013, seeking damages for the failure to address his medical needs.

In the instant petition, Plaintiff claims that prison officials have been deliberately indifferent to his serious medical needs (Doc. 1, p. 3). Further, he alleges "disability discrimination under the Americans with Disabilities Act" ("ADA"). *Id*. Finally, he invokes Federal Rule of Civil Procedure 65(b), and claims that if relief is not granted, he will suffer irreparable injury, loss, and damage to his health. *Id*. The sole relief requested herein is for this Court to order Menard officials to renew Plaintiff's medical permit "until the Court of Claims makes a ruling on [his] complaint" (Doc. 1, p. 2).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of a complaint filed by a prisoner, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Doctor Shearing for deliberate indifference to serious medical needs **(Count 1).** He also states a claim against Defendants Shearing and Harrington (the Menard Warden) for injunctive relief pursuant to the Americans with Disabilities

Act, 42 U.S.C. § 12101 *et seq.*, that merits further review **(Count 2)**. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Request for Temporary Restraining Order**

Plaintiff's allegations indicate that he has already suffered injury due to the lack of adequate nutrition over several months' time, resulting from Doctor Shearing's inaction on his requests for renewal of his feed-in-cell permit. This injury is compounded each day that Plaintiff is unable to get to the dining hall or be given a tray in his cell. Without opinion as to the ultimate merits of the motion, the Court's preliminary review dictates that Plaintiff's request for injunctive relief deserves prompt consideration.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for injunctive relief (Doc. 1) is hereby **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for an evidentiary hearing and issuance of a report and recommendation. Personal service on the Defendants shall be ordered. **A hearing on Plaintiff's request for a TRO shall be held as detailed below.** Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Frazier.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) is **GRANTED**. A separate order shall issue regarding the payment of Plaintiff's initial partial filing fee and subsequent payments pursuant to 28 U.S.C. § 1915(b).

**Disposition**

The Clerk is **DIRECTED** to add **DOCTOR SHEARING** as a Defendant in this action.

**IT IS FURTHER ORDERED** that a **HEARING ON PLAINTIFF'S REQUEST FOR A TRO** in this case shall take place in the **United States District Courthouse in Benton, Illinois, on Tuesday, December 10, 2013, at 9:30 a.m. before United States Magistrate Judge Philip M. Frazier**. Defendant Harrington is **ORDERED** to make Plaintiff **MICHAEL REEVES** available by video for the hearing.

**IT IS FURTHER ORDERED** that the United States Marshal Service is **APPOINTED** pursuant to Federal Rule of Civil Procedure Rule 4(e) to effect service on an expedited basis **within 14 days of the date of this Order**. The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **HARRINGTON** and **SHEARING**. The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the Petition for TRO (Doc. 1) and this Memorandum and Order. The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **before noon, on December 4, 2013,** the United States Marshal Service **SHALL personally serve** upon Defendants **HARRINGTON** and **SHEARING**, the service packets containing the summons, form USM-285, a copy of the Petition for TRO (Doc. 1) and this Memorandum and Order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 20, 2013**

*s/ J. Phil Gilbert*
United States District Judge