IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL REEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01171-JPG-PMF |
| | ) |
| RICK HARRINGTON, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court on the Reports and Recommendations ("R & R") (Docs. 30, 73, & 88) of Magistrate Judge Philip M. Frazier; Plaintiff's Motion (Doc. 84) to Supplement Objection to R & R (Doc. 73); Plaintiff's Motion (Doc. 85) to Reconsider Court's Order that Issue is Moot; and Plaintiff's Motion (Doc. 98) to Vacate Order Striking (Doc. 97).

The R & R (Doc. 30) of December 11, 2013, pertains to Plaintiff's Motion for Temporary Restraining Order (Doc. 1), Motion for Physical Exam by a Physician outside the IDOC (Doc. 15), Motion for Physical Exam by a Dentist outside the IDOC (Doc. 16) and Motion to Amend the Complaint (Doc. 18).  It is noted that Plaintiff's Motion to Amend the Complaint (Doc. 18) was Granted (Doc. 71) on April 17, 2014 and therefore, will not be addressed in this Order.

The R & R (Doc. 73) of April 7, 2014, pertains to the following motions, all filed by Plaintiff Michael Reeves:

1) Motion for Default Judgment (Doc. 36);
2) Motion for Preliminary Injunction (Doc 42);
3) Motion for Physical Exam by a Physician Outside of IDOC (Doc. 45);
4) Motion for Physical Exam by a Dentist Outside of IDOC (Doc. 46);
5) Motion for Injunction (Doc. 49);
6) Motions for Permanent Injunction (Docs. 50, 53);
7) Motion for Emergency Injunction/Evidentiary Hearing (Doc. 54); and
8) Motions to Grant Request for Relief and to Grant Permanent Injunctions (Docs. 56, 58).

Finally, the Amended R & R (Doc. 88 which replaced Doc. 87) of May 13, 2014, pertains to the review of Plaintiff's Amended Complaint (Doc. 78) pursuant to 28 U.S.C. §1915A.

Plaintiff's Motion (Doc. 84) to Supplement Objection to R & R (Doc. 73) of April 7, 2014, is **GRANTED** and the Court will consider Plaintiff's Supplemental Objections along with the Plaintiff's Objections (Doc. 83).

Plaintiff's Motion (Doc. 85) to Reconsider Court's Order that Issue is Moot is interpreted as an Appeal of the Magistrate Judge Frazier's Order (Doc. 71) of April 7, 2014; and Plaintiff's Motion (Doc. 98) to Vacate Order Striking (Doc. 97) is interpreted as an Appeal of Magistrate Judge Frazier's Order (Doc. 97) of 6/26/2014.

The Court finds that Plaintiff's Motion (Doc. 45) for Physical Exam by a Physician Outside the IDOC is the same, but a more detailed version, of Plaintiff's Motion (Doc. 15) for Physical Exam by a Physician Outside the IDOC.  Therefore, Plaintiff's Motion (Doc. 15) for Physical Exam by a Physician Outside the IDOC is **STRICKEN** and the Court will proceed on Plaintiff's Motion (Doc. 45) for Physical Exam by a Physician Outside of the IDOC.

The Court also finds that Plaintiff's Motion (Doc. 46) for Physical Exam by a Dentist Outside the IDOC is the same, but a more detailed version, of Plaintiff's Motion (Doc. 16) for Physical Exam by a Dentist Outside the IDOC.  Therefore, Plaintiff's Motion (Doc. 16) for Physical Exam by a Physician Outside the IDOC is **STRICKEN** and the Court will proceed on Plaintiff's Motion (Doc. 46) for Physical Exam by a Physician Outside of the IDOC.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the

magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The only remaining issue with regard to R & R (Doc. 30) of December 11, 2013, is Plaintiff's Motion (Doc. 1) for a Temporary Restraining Order. The Temporary Restraining Order requests that the Court order Menard Correctional Center to renew his medical permit allowing him to, "feed-in-cell," because Plaintiff suffers from degenerative arthritis and has great difficulty walking from his cell to obtain meals. According to the R & R (Doc. 73), Plaintiff appeared by video before Magistrate Judge Frazier on April 7th, 2014, and informed Magistrate Judge Frazier that he had been re-issued his "Feed-in-cell" permit in February of 2014. As such, Plaintiff's Motion (Doc. 1) for a Temporary Restraining Order is Moot.

For the foregoing reasons, the Court **ADOPTS** the Report & Recommendation (Doc. 30) in its entirety, and orders that the Plaintiff's Motions (Doc. 15 & 16) for Physical Exam by a Physician and Dentist Outside of the IDOC are **STRICKEN** and Plaintiff's Motion (Doc. 1) for Temporary Restraining Order is **DENIED** as **MOOT**. It is noted that Plaintiff's Motion (Doc. 18) to Amend the Complaint was **GRANTED** prior to this review and the proposed Amended Complaint has been screened pursuant to 28 U.S.C. § 1915A (Doc. 88) in accordance with the recommendations of the R & R (Doc. 30).

Next, the Court will address the R & R (Doc. 73) of April 7, 2014. The first issue within this R & R is Plaintiff's Motion (Doc. 36) for Default Judgment. The Court also interprets Plaintiff's Motion (Doc. 58) to Grant Permanent Injunction as a Motion for Default Judgment.

An Order (Doc. 39) was entered on December 23, 2013, directing the Clerk of Court to enter a default against Defendants Rick Harrington and Dr. Shearing pursuant to Federal Rules

of Civil Procedure Rule 55(a). The Clerk's Entry of Default (Doc. 40) was made on December 26, 2013. In March of 2014, the Defendants entered appearances and filed Motions (Docs. 59, 63) to Vacate the Default Order. Federal Rule of Civil Procedure Rule 55(c) provides that a court may set aside an entry of default for good cause. As such, the Court granted the Defendants' Motions (Doc. 59 & 63) and vacated the default (Doc. 64).

Plaintiff's Response to Defendant's Motion to Vacate, which was attached to Plaintiff's Objections (Doc. 83), states that a motion to vacate should have been filed within 30 days of the Order in order to be considered by the Court. The Court is not aware of any requirement that a Motion to Vacate is required to be filed within 30 days of the default order. Federal Rules of Civil Procedure Rule 55(c) contains no time restraints, but requires a showing of good cause. As such, Defendants' Motions (Doc. 59 & 63) to Vacate were timely filed and were found to have a showing of good cause for the delay in responding to Plaintiff's Complaint.

Further, in order for the Plaintiff to have obtained a default judgment, he was required to filed an Affidavit showing the amount due (Federal Rules of Civil Procedure 55(b)(1)), and serve notice of the entry of default to the defaulting party by regular mail and certified to the Court that the notice was sent (Doc. 39 and SDIL-LR 55.1(a)). Neither action was taken by the Plaintiff. Therefore, Plaintiff's Motion (Doc. 36) for Default Judgment and Plaintiff's Motion (Doc. 58) to Grant Permanent Injunction are **DENIED**.

With regard to Plaintiff's Motions for Injunctive Relief (Docs. 42, 45, 46, & 54), these Motions are requests for restoration of Plaintiff's Medical Permits with regard to "Feed-in-cell," lower bunk assignment, and medication. It is the Court's understanding that these issues have been resolved as stated in the April 7th, 2014, video hearing. As such, Plaintiff's Motions for Injunctive Relief (Docs. 42, 45, 46, & 54) are **DENIED** as **MOOT**.

Plaintiff's Motions for Injunctive Relief (Docs. 49, 50, 53, & 56) pertain to amount of Court fees taken from Plaintiff's Trust Fund Account. According to these Motions, Plaintiff was order to pay $5.20 and 20% of any money received over $10.00 (Doc. 8). In December of 2013, $27.20 was taken out of Plaintiff's Trust Fund Account and Plaintiff is requesting a return of $2.00, which he claims is over the court order amount. Plaintiff also states that the Defendants should be required to pay the $350.00 filing fee.

Plaintiff claims that the $2.00 taken from his state pay is in excess of 20% of his monthly income, in violation of the Court Order (Doc. 8). Plaintiff was assessed an initial partial filing fee of $5.20 (Doc. 8). The remainder of the $350.00 filing fee was to be collected pursuant to Section 1915(b)(2), which directs prison officials to collect 20% of the preceding month's income, each time the prisoner's account exceeds $10.00. The Clerk's Office mailed a copy of this order to the Trust Fund Officer at Menard Correctional Center ("Menard") the same day it was entered. The Trust Fund Office at Menard is responsible for calculating and making the monthly payments from Plaintiff's trust fund account, in accordance with the Order.

Section 1915(b)(2) specifically caps the amount that can be swept from an inmate's account each month: "20 percent of the preceding month's income credited to the prisoner's account." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998), makes clear that since Section 1915(b)(2) refers to income—sums entering—a prison trust account, without regard to the source; gifts and bequests from family are not sheltered.

The Court is unaware of the total monthly income that the Trust Fund Officer calculated to make the $2.00 payment. Even if more than 20% of Plaintiff's monthly income was deducted from his account, the Court will not exercise its discretion to order the funds returned to Plaintiff's account. As the Court of Appeals for the Seventh Circuit stated with respect to

appellate filing fees, requests by prisoners for refunds of their fees will not be entertained because " 'every litigant has the responsibility to pay the filing and docketing fees to the extent feasible.' " *Walker v. O'Brien*, 216 F.3d 626, 638 n. 5 (7th Cir. 2000) (in re a non-PLRA habeas fee refund question, quoting *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999)). *See also Torres v. O'Quinn*, 612 F.3d 237, 252-53 (4th Cir. 2010) (a PLRA fee refund question, noting the fees were owed and properly, but excessively, collected).

The Court also notes that Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). Plaintiff's court fees are in a payment schedule in accordance to Section 1915(b)(2) which allows the Plaintiff to pay over an extended period of time. As there are other statutory avenues that address Court fees and filing fees, these issues are not appropriate for Motions for Injunctive relief. As such, Plaintiff's Motions for Injunctive Relief (Docs. 49, 50, 53, & 56) are **DENIED**.

Finally, Plaintiff's Objections (Doc. 83) and Plaintiff's Supplement Objection (Doc. 84) to R & R (Doc. 73) state issues outside those addressed in the R & R such as documents that were filed late; failure to receive commissary orders; false statements by the Defendants' in their responsive pleadings; that Plaintiff should have been appointed an attorney; and alleged prejudice by Magistrate Judge Frazier. A party must raise *specific* objections to the Report and Recommendation. Fed. R. Civ. P. 72(b). These issues should not be raised within an objection to an R & R, but within an appropriate court filing.

For the foregoing reasons, the Court **ADOPTS** the Report & Recommendation (Doc. 73) with regard to Plaintiff's Motions for Injunctive Relief (Docs. 42, 45, 46, & 54) and those Motions are **DENIED** as **MOOT**. The Court **REJECTS** the Report & Recommendation (Doc.

73) with regard to Plaintiff's Motions (Doc. 36 & 58) for Default and Plaintiff's Motions for Injunctive Relief (Doc. 49, 50, 53, & 56); however, for reasons previously stated, these Motions are **DENIED**.

This matter was stayed on April 7, 2014, until the Court could complete a 28 U.S.C. 1915A screening of the Amended Complaint. The R & R (Doc. 88) is the completion of that screening and Plaintiff filed Objections (Doc. 90) on May 29, 2014.

The Plaintiff's objections states that the Amended Complaint was filed on November 29, 2013, and not on April 8, 2014. This Court could not locate any document being filed on November 29, 2013 and the only Amended Complaint on file is the one address in the R & R. It is also noted that the Plaintiff's Objections state that Magistrate Judge Frazier should be removed from this matter. As stated previously, objections are not the proper format to raise issues outside of the R & R and such issues should be brought before the Court on proper motion.

The Plaintiff's Objections that do address the R & R state that the Counts should not be severed since they are related and that none of the defendants should be dismissed as he has stated, "who, what, when, where, and how my constitutional rights were violated." (Doc. 90, page 2). He further states that attachments name each defendant if the Complaint does not.

The court is required by 28 U.S.C. Section 1915A to "screen" the plaintiff's complaint, and through such process, to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." All that is required is enough factual detail to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The Court is required to review the Complaint – which should, at a bare minimum, contain the name of the individual who is alleged to have violated the rights of the Plaintiff.  An objection that simply states the attachments contain the necessary information is not sufficient.

A party must raise *specific* objections to the report and recommendation.  Fed. R. Civ. P. 72(b).  However, the party need only specify the issues for which review is sought, not the factual or legal basis of his objection.  *Johnson*, 170 F.3d at 741.  Nevertheless, a general objection to the magistrate judge's decision, without more, does not satisfy this standard.  *Id.* (citing *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991) (finding insufficient an objection stating "[p]laintiff now specifically objects to the determination of the Magistrate denying Plaintiff's request for relief").

As such, the Court **ADOPTS** the Report and Recommendation (Doc. 88) in its entirety and **LIFTS THE STAY** on these proceedings.   Counts 6 and 6-10 are **DISMISSED** with prejudice and the Court assess a strike for the purposed of 28 U.S.C. § 1915(g).  Court 11 is **DISMISSED** without prejudice.   Defendants Moldenbauer, Knust, and Bramlet are **DISMISSED** without prejudice.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS** Count 3 of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case and that matter will proceed as to Court III against defendants, Henderson, Newbold, and Phoenix.  The Court further directs the Clerk to add to the docket of the newly-opened case, a copy of Plaintiff's Amended Complaint  and a copy of this order.  If for any reason, Plaintiff does not wish to proceed either with this case or with the newly-opened case, he must notify the Court within **30 days**.  Unless Plaintiff notifies the Court

that he does not wish to pursue one of these actions, he will be responsible for a separate filing fee in the new case.  At that time, the Court will order service of process on Defendants Henderson, Newbold, and Phoenix.  Defendants Henderson, Newbold, and Phoenix are **DISMISSED** with prejudice from the current case.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, the Court considers Plaintiff's Motion (Doc. 85) to Reconsider Court's Order that Issue is Moot and Plaintiff's Motion (Doc. 98) to Vacate (Doc. 97) Order to Striking.  The Court interprets both these Motions as Appeal of Magistrate Judge Frazier's Orders.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law.  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Magistrate Judge's Order of June 26, 2014 (Doc. 97) Striking four (4) of Plaintiff's pending Motions allows that, if appropriate, the motions may be re-filed once the screening of the Amended Complaint was completed.  This Order provides that such screening has been completed and the Stay lifted off of these proceedings.  Therefore, Plaintiff may refile any of the Motions he believes to be appropriate after the date of this Order.  As such, Plaintiff's Motion (Doc. 98) to Vacate (Doc. 97) Order Striking is **DENIED.**

Plaintiff's Motion (Doc. 85) to Reconsider Court's Order that Issue is Moot is difficult to determine what "issue" was deemed "moot."  The Court cannot determine whether Plaintiff is referring to the issue that this matter is a civil action and a TRO was not appropriate filing or

whether Plaintiff is having an issue with the Complaint. As such, Plaintiff's Motion (Doc. 85) to Reconsider Court's Order that Issue is Moot is **DENIED** with leave to file an Amended Motion that clearly states the issue and supporting facts.

**In Summary, the Court finds, or has found, as follows**:

| | | |
|---|---|---|
| 1) | Motion (Doc. 1) for Temporary Restraining Order | **DENIED as MOOT** |
| 2) | Motion (Doc. 15) for Physical Exam by a Physician Outside of IDOC | **STRICKEN** |
| 3) | Motion (Doc. 16) for Physical Exam by a Dentist Outside of IDOC | **STRICKEN** |
| 4) | Motion (Doc. 18) to Amend Complaint | **Previously GRANTED (Doc. 71)** |
| 5) | Report & Recommendation (Doc 30) | **ADOPTED** |
| 6) | Motion (Doc. 36) for Default Judgment | **DENIED** |
| 7) | Motion (Doc. 42) for Preliminary Injunction for Exams by Outside Physician/Dentist and Refill of Medication | **DENIED AS MOOT** |
| 8) | Motion (Doc. 45) for Physical Exam by Physician Outside of IDOC | **DENIED AS MOOT** |
| 9) | Motion (Doc. 46) for Physical Exam by Dentist Outside of IDOC | **DENIED AS MOOT** |
| 10) | Motion (Doc. 49) for Injunction | **DENIED** |
| 11) | Motion (Doc. 50) for Permanent Injunction | **DENIED** |
| 12) | Motion (Doc. 53) for Permanent Injunction | **DENIED** |
| 13) | Motion (54) For Emergency Injunction | **DENIED AS MOOT** |
| 14) | Motion (Doc. 56) to Grant Request for Relief and to Grant Permanent Injunction | **DENIED** |
| 15) | Motion (Doc. 58) Motion to Grant Permanent Injunction | **DENIED** |

| | | |
|---|---|---|
| 16) | Report and Recommendation (Doc. 73) of April 7, 2014 | **ADOPTED IN PART REJECTED IN PART** |
| 17) | Plaintiff's Motion (Doc. 84) to Supplement Objection to R & R | **GRANTED** |
| 18) | Motion (Doc. 85) to Reconsider Court's Order that Issue is Moot | **DENIED** |
| 19) | Report & Recommendation (Doc. 88) | **ADOPTED IN ENTIRETY** |
| 20) | Motion (Doc. 98) to Vacate (Doc. 97) Order Striking | **DENIED** |

**IT IS SO ORDERED.**

**DATED:** 10/7/2014

s/J. Phil Gilbert<br>
<b>J. PHIL GILBERT<br>
DISTRICT JUDGE</b>