IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL REEVES, B82558,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-01171-JPG-PMF |
| ) | |
| **RICK HARRINGTON and** ) | |
| **DR. SHEARING,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the court are multiple requests for preliminary injunctive relief filed by plaintiff Michael Reeves. The motions are as follows:

   Doc. 113 – Motion for Injunction against Menard Law Library and Health Care Unit
   Doc. 116 – Motion for Injunction against Menard Law Library
   Doc. 119 – Motion to See Outside Doctor
   Doc. 123 – Motion for Injunction against Menard Health Care unit
   Doc. 124 – Motion for Injunction against Menard Trust Fund Officer
   Doc. 125 – Motion for Injunction against Menard Health Care Unit
   Doc. 126 – Motion for Stay Regarding Prisoner Payments
   Doc. 134 – Motion for Injunction against Menard Law Library
   Doc. 135 – Motion for Injunction against Menard Law Library

An evidentiary hearing regarding the motions was held on April 6, 2015 via videoconference with the plaintiff in attendance. For the following reasons, it is recommended that the plaintiff's motions for preliminary injunctive relief be denied.

Plaintiff Michael Reeves is an inmate at Menard Correctional Center with the Illinois Department of Corrections. Reeves is proceeding on a two count complaint against defendants Warden Harrington and Dr. Shearing claiming Eighth Amendment deliberate indifference to serious medical needs and a violation of the Americans With Disabilities Act, 42 U.S.C. § 12101

1

*et seq*. Plaintiff's requests for preliminary injunctive relief are essentially threefold. First, Reeves is seeking additional assistance from the Menard law library. Reeves suffers from severe arthritis and his ability to walk is limited. Staff from the Menard law library visit his cell once a week to deliver and collect legal documents and provide other legal assistance.

Second, Reeves is seeking an injunction against the Menard Health Care Unit ("HCU"). Specifically, Reeves is asking that the HCU refer him to an outside physician for treatment. Reeves also disagrees with the HCU co-pay policy. The HCU has required Reeves to provide a co-pay when he receives treatment for his arthritis. Reeves argues that his arthritis is a chronic condition, and therefore exempt from the co-pay requirement.

Third, Reeves is seeking an injunction against the Menard Trust Fund Officer. The Menard Trust Fund Officer bills Reeves' account every month for Court fees, and Reeves claims that he is being overbilled.

There is frequently a good deal of confusion regarding injunctive relief by *pro se* prisoner litigants and so the subject merits some discussion. Pursuant to Rule 65 in the Federal Rules of Civil Procedure, the Federal Courts can essentially grant three different forms of injunctive relief. Fed. R. Civ. P. 65. All forms require a party to do, or not do something, and are enforceable by contempt. *See* History and Scope of Rule 65, 11A Fed. Prac. & Proc. Civ. § 2941 (3d ed.).

A temporary restraining order ("TRO") is the most immediate form of injunctive relief, and may be granted without notice to the adverse party. Fed. R. Civ. P. 65(b). A TRO is appropriate only when the moving party can clearly show "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id*. A TRO may not exceed 14 days in duration. *Id*. A preliminary injunction is issued after a hearing

and will remain in effect until the trial on the merits, or sooner if the case is disposed of prior to trial. Fed. R. Civ. P. 65(a). And finally, a permanent injunction may only be granted after a trial on the merits. *See* Fed. R. Civ. P. 65.

To obtain a temporary restraining order or a preliminary injunction a party must demonstrate that it is "reasonably likely to succeed on the merits, it is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). If the party seeking injunctive relief can meet that burden, then the District Court engages in a "sliding scale analysis," balancing the harms against the moving party, the nonmoving party, and the public interest in order to determine whether injunctive relief should be granted. *Id*. Furthermore, injunctive relief with respect to prison conditions is to be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

In this case, Reeves has failed to demonstrate that he is suffering irreparable harm because of his weekly law librarian visits. His filings so far demonstrate an ability to litigate this case. If he foresees an ability to comply with a court deadline, he can file a motion for an extension. If a law library delay does result in Reeves losing a lawsuit, he can always file a denial of access to the Courts complaint. Thus, Reeves' law library issues are not a proper subject for injunctive relief.

Reeves' issues with the Menard HCU and co-pay policies are also not proper subjects for injunctive relief. At the evidentiary hearing Reeves stated that he is receiving his prescribed medication, but that he would like to see an outside (non-prison) physician for a second opinion regarding his medical issues. However, prisoners are not entitled to "unqualified access to health

3

care," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) and a "difference of opinion among physicians on how an inmate should be treated cannot support a finding of deliberate indifference" in violation of the Eighth Amendment. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Reeves was also dissatisfied with the Menard HCU co-pay policy. However Reeves never claimed that he was denied medical care, nor that he was unable to afford the co-pay. "[T]he imposition of a modest fee for medical services, standing alone, does not violate the Constitution." *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). And the failure to comply with chronic condition co-pay policies does not give rise to a Constitutional violation. *Allison v. Snyder*, 332 F.3d 1076, 1078 (7th Cir. 2003) ("the Constitution does not compel states to follow their own laws").

The last issue is Reeves' request for injunctive relief regarding his prison trust fund account. Reeves asserts that on multiple occasions the Menard Trust Fund Officer overpaid on Reeves' monthly court payments. However minor overpayments do not establish the irreparable harm needed for preliminary injunctive relief. If Reeves believes state or federal laws were violated as a result of recent events, he may exhaust administrative remedies (to the extent they are available) and bring suit for damages under 42 U.S.C. § 1983 or in the Illinois Court of Claims.

## CONCLUSION

It is RECOMMENDED that the plaintiff's motions for injunctive relief be DENIED.

**SO RECOMMENDED.**

DATED:  **April 9, 2015**  .

       *s/Philip M. Frazier*
       **PHILIP M. FRAZIER**
       **UNITED STATES MAGISTRATE JUDGE**